# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DANIEL ANTHONY PEACE**,

            Plaintiff,

v.                                  **Case No. 15-cv-262-pp**

**WARDEN TIMOTHY DOUMA, LUCAS WOGERNSE,
WARDEN MEISNER, MICHAEL A. DITTMANN, J. CORLISS,
LINDA FAIT, CAPTAIN ASHWORTH, T. ZIEGLER, R. SCOTT,
CAPTAIN D. MORGAN, D. HAUTAMAKI, SANDY HAUTAMAKI,
CO II G. JOHNSON, CO SCHLAEFER, CO VIRES, SGT. HINICIKLE,
SGT. FREND, CAPTAIN BOODRY, DONALD STRAHOTA,
TONIA MOON, and JANE DOE, Security Director's Secretary,**

            Defendants.

## DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (DKT. NO. 18) AND DENYING PLAINTIFF'S MOTION TO USE RELEASE ACCOUNT (DKT. NO. 19)

On February 29, 2016, the court screened the plaintiff's complaint under 42 U.S.C. §1983, and dismissed it for failure to state a claim. Dkt. No. 16. The court entered judgment the next day. Dkt. No. 17. Almost three months later, on May 26, 2016, the plaintiff filed a motion for leave to file an amended complaint and a motion to use release account. Dkt. Nos. 18-19. These motions are now before the court.

In his motion for leave to file an amended complaint, the plaintiff asserts that he did not receive the court's February 29, 2016 order dismissing his case until May 24, 2016. Dkt. No. 18 at 1. He says he wants to show the court the legal grounds for his retaliation claim, and cites case law for the proposition

1

that reconsideration is appropriate when the court overlooks or misunderstands something. Id. at 1-2. The plaintiff asks that if the court grants his motion, it give him forty-five days to draft an amended complaint. Id. at 2.

A motion for leave to file an amended complaint is not appropriate in a closed case. Once the court enters judgment, a plaintiff may amend his complaint only after successfully moving to vacate or set aside a judgment under Federal Rule of Civil Procedure 59(e) or 60(b). See Foster v. DeLuca, 545 F.3d 582, 583 (7th Cir. 2008); Dubicz v. Commenwealth Edison Co., 377 F.3d 787, 790 (7th Cir. 2004). The plaintiff appears to be somewhat aware of this, because he cites Rule 59(e) and case law interpreting it.

Altering or amending a judgment pursuant to Federal Rule of Civil Procedure 59(e) is permissible when there is newly discovered evidence or where there has been a manifest error of law or fact. Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) (citing Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). If the court were to construe the plaintiff's motion as a motion under Rule 59(e), however, he would have a timing problem. "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The court may not extend the time to act under Rule 59(e). Fed. R. Civ. P. 6(b)(2). Because the court entered judgment on March 1, 2016, the plaintiff's motion (received by the court on May 26, 2016) was not timely filed.

Rule 60(b) allows a court to consider an untimely motion Rule 59(e) motion. Vacating a judgment under Rule 60(b) is permissible for several reasons, including mistake, excusable neglect, newly discovered evidence, and fraud. See Fed. R. Civ. P. 60(b). However, "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." Harrington, 433 F.3d at 546 (quoting Karraker v. Rent-A-Center, Inc., 411 F.3d 831, 837 (7th Cir. 2005)). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

Those exceptional circumstances do not exist here. The plaintiff has not made any specific arguments regarding why he believes the court erred in dismissing his retaliation claim. His general assertion that he wants "to show the court what legal grounds his claim of retaliation stand(s) on" is not a sufficient "exceptional circumstance" to warrant the court setting aside the judgment. Dkt. No. 18 at 1.

Because the court will deny the plaintiff's motion for leave to file an amended complaint, his request that the court authorize him to use funds from his release account to prepare the amended complaint (Dkt. No. 19) is moot.

The court **DENIES** the plaintiff's motion for leave to file an amended

3

complaint. Dkt. No. 18. The court **DENIES AS MOOT** the plaintiff's motion to use release account. Dkt. No. 19.

Dated in Milwaukee, Wisconsin this 5th day of August, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge